IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Case No. 18-cv-00161-RM-KLM

REBECCA L. GRAY,

    Plaintiff,

vs.

STEARNS LENDING, INC., a California Corporation d/b/a STEARNS LENDING, LLC, a California Limited Liability Company; and
RESOURCE REAL ESTATE SERVICES, LLC, Maryland Limited Liability Company,

    Defendants.

## ORDER

This matter is before the Court *sua sponte* upon consideration of the Notice of Removal ("Notice") filed by Defendant Stearns Lending, LLC ("Stearns"),[1] and joined by Defendant Resource Real Estate Services, LLC ("Resource"). (ECF Nos. 1, 10.) Defendant Stearns removed this action from the District Court, Park County, Colorado alleging diversity jurisdiction. The Court finds, however, that diversity jurisdiction has not been shown in the record at hand. *See Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1276 (10th Cir. 2001) (court has independent obligation to examine its own jurisdiction).

Diversity jurisdiction requires that the amount in controversy exceeds $75,000.00 and diversity of citizenship between the parties. 28 U.S.C. § 1332. Here, Defendant Stearns alleges the parties are diverse based on the following: (1) "Plaintiff Rebecca Lynne Gray is a citizen of Colorado because her primary residence is 37597 County Road 77, Lake George, Colorado

---

[1] Defendant Stearns' Notice states that "[t]he caption of the state court action incorrectly lists as a defendant 'STEARNS LENDING, INC., a California Corporation d/b/a STEARNS LENDING, LLC.' The proper entity is Stearns Lending, LLC." (ECF No. 1, page 1 n.1.)

80827." (Notice, ¶5); (2) "Defendant Stearns Lending, LLC is a citizen of California because it is a California limited liability company and its principal place of business is in California." (Notice, ¶6.); and (3) "Defendant Resource Real Estate Services, LLC is a Maryland citizen because it is a Maryland limited liability company with its principal place of business in Maryland." (Notice, ¶7.) Such allegations, however, are insufficient. Specifically, both Defendants are LLCs, not corporations. And, "an LLC, as an unincorporated association, takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) (citations omitted). But, Defendant Stearns did not show the identity or citizenship of any of Defendants' members. And, Defendant Resource did not do so either. Accordingly, the Court is unable to determine the citizenship of Defendants and that complete diversity of citizenship exists. It is therefore

**ORDERED** that on or before **Friday, February 2, 2018**, Defendants shall **SHOW CAUSE** why this case should not be remanded from where it was removed due to this Court's lack of subject matter jurisdiction; and it is

**FURTHER ORDERED** that this matter is **STAYED**, including Defendants' due date for responding to the Complaint, pending a determination of whether subject matter jurisdiction exists.

DATED this 25th day of January, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge